**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5830-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SEAN D. HARRIS, a/k/a
TWIZ TWITTER,

 Defendant-Appellant.

_____

> Submitted September 17, 2019 – Decided October 8, 2019
>
> Before Judges Yannotti and Currier.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-12-2438.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean D. Harris appeals from an order entered by the Law Division on June 29, 2018, which denied his petition for post-conviction relief (PCR).

In December 2009, a Monmouth County grand jury returned Indictment No. 09-12-2438, charging defendant and Phillip Wylie with first-degree murder of Andre Williams, contrary to N.J.S.A. 2C:11-3(a)(1). Defendant was later tried before a jury. The trial began on October 12, 2011, and concluded on January 6, 2012. The jury found defendant guilty of first-degree murder.

Thereafter, the court denied defendant's motion for a new trial and granted the State's motion for an extended term. The court sentenced defendant to forty-five years in State prison, with a thirty-five-year period of parole ineligibility, and imposed appropriate penalties and assessments. The court entered a judgment of conviction dated April 20, 2012.

Defendant appealed and raised the following arguments:

> POINT I
> THE PROSECUTOR'S COMMENTS IN SUMMATION SO FAR EXCEEDED THE BOUNDS OF PROPRIETY THAT A MISTRIAL SHOULD HAVE BEEN GRANTED.

A-5830-17T4

POINT II
THE ENTIRE TESTIMONY OF ALPHONSO EDWARDS, SR. CONSTITUTED INADMISSIBLE HEARSAY AND SHOULD HAVE BEEN DISALLOWED. (NOT RAISED BELOW).

POINT III
THE PROSECUTOR IMPROPERLY QUESTIONED A COOPERATING WITNESS ABOUT HIS FEAR OF THE DEFENDANT, THUS INTERJECTING THAT THE DEFENDANT HAD BAD CHARACTER AND A PROPENSITY FOR VIOLENCE.

POINT IV
THE PROSECUTOR USED THE "TRUTHFUL TESTIMONY" REQUIREMENT OF THE PLEA BARGAIN TO BOLSTER THE CO-DEFENDANT'S CREDIBILITY; THE CONDUCT CONSTITUTED IMPERMISSIBLE "VOUCHING." (NOT RAISED BELOW).

POINT V
THE COURT DOUBLE COUNTED THE DEFENDANT'S PRIOR RECORD AND RELIED UPON IMPROPER CRITERIA IN DETERMINING THE DEFENDANT'S SENTENCE OF 45 YEARS, 35 YEAR TO BE SERVED BEFORE PAROLE.

We rejected defendant's arguments and affirmed his conviction and sentence. State v. Harris, No. A-6339-11 (App. Div. Aug. 27, 2015). Thereafter, the Supreme Court denied defendant's petition for certification. State v. Harris, 224 N.J. 123 (2016).

A-5830-17T4

In our opinion, we noted that the testimony at trial established that on the evening of June 7, 1997, Williams left an apartment in Asbury Park that he shared with his girlfriend, T.C. Harris, slip op. at 2. They planned to meet later at a concert, but Williams did not arrive and never returned to the apartment. Ibid. His badly decomposed body was found on June 12, 1997 in a park in Neptune Township. Ibid. The initial investigation was not fruitful, and it was closed administratively. Ibid.

Eventually, the Monmouth County Prosecutor's Office identified six suspects: defendant, Alphonso Edwards, Jr., Darren Sims, Cedric Smith, Jason Turner, Antonio Grant, and Wylie. Id. at 3. At the time of the murder, Turner was sixteen years old, Grant was eighteen, Edwards was nineteen, Sims was twenty-one, Wylie was twenty-three, Smith was twenty-five, and defendant was twenty-four. Ibid.

Edwards, Sims, Smith, Grant, and Wylie later pled guilty to aggravated manslaughter, and Turner pled guilty to reckless manslaughter. Id. at 8. The plea agreements required that they give truthful testimony, and they testified at defendant's trial. Id. at 4, 8. Each had a substantial criminal record. Id. at 8. Moreover, Edwards, Grant, Sims, and Turner were serving sentences on unrelated charges at the time of trial. Ibid. In our opinion, we noted that while

there were some inconsistencies in the accounts of these witnesses, "their testimony corroborated each other in the salient facts: that they tortured and killed Williams with defendant and followed his directions." Id. at 4.

On February 25, 2016, defendant filed a pro se petition for PCR. The court assigned counsel to represent defendant, and counsel thereafter filed an amended verified petition. Defendant alleged: (1) he was denied the effective assistance of counsel because his attorney failed to investigate the case adequately, and because his attorney did not object to the prosecutor's "vouching" for the cooperating co-defendants; (2) the trial court erred by failing to address the prosecutor's "misconduct" during summation; (3) his conviction was against the weight of the evidence; (4) the verdict sheet was "defective" and precluded the jury from returning a verdict on viable lesser-included offenses; and (5) he was denied the effective assistance of appellate counsel.

On June 27, 2018, Judge Vincent N. Falcetano, Jr., heard oral arguments, and on June 29, 2018, filed a written opinion in which he concluded that defendant had not presented a prima facie case of ineffective assistance of counsel or any meritorious claim. The judge decided that defendant was not entitled to an evidentiary hearing on his petition. The judge entered an order dated June 29, 2018, denying PCR. This appeal followed.

A-5830-17T4

On appeal, defendant argues:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS DUE TO A LACK OF INVESTIGATION.

We are convinced from our review of the record that defendant's arguments are entirely without merit. We affirm the order denying PCR substantially for the reasons stated by Judge Falcetano in his thorough and well-reasoned opinion. We add the following.

As noted, defendant argues that the PCR court erred by failing to conduct an evidentiary hearing on his petition. However, an evidentiary hearing is only required if the defendant presents a prima facie case in support of the petition, the court has determined that there are material issues of fact that cannot be resolved based on the existing record, and an evidentiary hearing is required to resolve the claims presented. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

Here, defendant argues that he presented a prima facie case of ineffective assistance of counsel, which warranted an evidentiary hearing. To establish ineffective assistance of counsel, a defendant must satisfy the two-part test

6

established in Strickland v. Washington, 466 U.S. 668, 693 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Under the test, a defendant first "must show that counsel's performance was deficient." Strickland, 466 U.S. at 693. Defendant must establish that counsel's performance "fell below an objective standard of reasonableness" and "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.

Defendant also must establish "that the deficient performance prejudiced the defense." Ibid. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 698.

Defendant claims his trial counsel failed to conduct an adequate investigation of his case. He states that he retained a new attorney while the case was pending, and his new attorney was "rushed" into trial with only several weeks to prepare. He claims his attorney erred by failing to seek an adjournment that would have provided more time in which to prepare for trial.

A-5830-17T4

In his opinion, Judge Falcetano observed that when a defendant alleges trial counsel was ineffective because counsel failed to adequately investigate his case, the defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353 (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).

Judge Falcetano found that defendant failed to present any credible evidence to support his claim. The judge noted that at trial, defense counsel advanced a theory that the case against defendant had been "fixed," and that in his PCR petition, defendant had claimed his trial counsel failed to present any evidence to support that theory. The judge noted, however, that defense counsel had skillfully cross-examined David Gamble, a forensic detective who processed the victim's clothing and testified for the State.

The judge pointed out that Gamble had stated on direct examination that there was a burn mark on the victim's clothes, but during cross-examination, defense counsel "brought to light the fact that what the forensic detective testified was a burn mark, was actually a clump of hair that the detective had

missed." The judge found that this cross-examination "fit squarely into trial counsel's theory that the case against defendant had been 'fixed.'"

The judge also pointed out that defendant's trial attorney sought an adjournment of the trial. The court had postponed the trial for several weeks and informed counsel that he could make further applications for an adjournment if the need arose. In addition, at a pre-trial conference held one week before trial, trial counsel told the court that more time was needed to prepare the case effectively, but he was prepared to proceed. The court indicated that due to the anticipated length of the trial, there would be at least one substantial recess during the trial, and that counsel could make further adjournment requests if needed.

Here, defendant has not shown that he was prejudiced by the alleged lack of time to investigate or prepare for trial. He did not present the PCR court with an affidavit or certification, based on personal knowledge, setting forth the facts or evidence a further investigation would have revealed. Thus, the record supports the PCR court's conclusion that defendant failed to present a prima facie case of ineffective assistance of counsel. The PCR court correctly determined that defendant was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5830-17T4